# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ANTHONY L. VIOLA,** : | |
| : | |
| Plaintiff, : | Case No. 1:20-cv-00765 |
| : | |
| v. : | Judge Pamela A. Barker |
| : | |
| **OHIO ATTORNEY GENERAL, et al.,** : | |
| : | |
| Defendants. : | |

## MOTION TO STRIKE DOC. 12 AND DOC. 12-1

Pursuant to Fed.R.Civ. P. 12(f)(2), counsel for Defendant Ohio Assistant Attorney General Daniel Kasaris moves to strike from the record the document filed by Plaintiff Anthony Viola, titled "Additional Documents in Support of Complaint," (Doc. 12, PageID 41-43) and the exhibits appended to it, (Doc. 12-1, PageID 45-56), because it is "redundant, immaterial, impertinent, or scandalous matter" under Fed. R. Civ. P. 12(f). This motion is more fully supported with the attached memorandum.

Respectfully Submitted,

DAVE YOST
Ohio Attorney General

*/s/ Bridget C. Coontz*
BRIDGET C. COONTZ (0072919)*
  *Lead and Trial Counsel*
RENATA Y. STAFF (0086922)
MICHAEL A. WALTON (0092201)
Assistant Attorneys General

Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
michael.walton@ohioattorneygeneral.gov
renata.staff@ohioattorneygeneral.gov
bridget.coontz@ohioattorneygeneral.gov

*Counsel for Defendants Ohio Attorney General Dave Yost, Assistant Attorney General Heather Buchanan, Former Assistant Attorney General Tiffany Carwile, Assistant Attorney General Micah Ault, and Assistant Attorney General Daniel Kasaris*

## MEMORANDUM IN SUPPORT

**I.      Introduction and Background**

Plaintiff Anthony Violoa is again abusing the judicial process with his most recent filing.  His reason for doing so is obvious, highly objectionable and irrelevant to his claims before this Court:  this filing is part of Plaintiff's ongoing effort to harass Defendant Assistant Attorney General Daniel Kasaris.  This should not be surprising.  A separate chamber of this Court has already recognized that "Mr. Viola has established a pattern of filing motions in this case that are repetitive and baseless."  *United States v. Viola*, N.D.Ohio No. 1:08 CR 506, 2017 U.S. Dist. LEXIS 141993, at *8-9 (Sep. 1, 2017) (permanently enjoining Plaintiff from "filing any further motions or other documents pertaining to his conviction and sentence in this criminal action unless and until he has received permission from the Sixth Circuit to file a second or successive petition under 28 U.S.C. §2255.")

Presumably aware of his reputation within the Northern District of Ohio, Mr. Viola objected to this case being transferred from the Southern District of Ohio (where it was originally filed) to this District.  Objection to Magistrate's Order to Transfer, Doc. No. 3, PageID 75.  Notably, when he did so, one of his bases for challenging what he called the Magistrate's "ill-reasoned decision to transfer" was that "there is no anticipation for discovery or witness at all." (*Sic*).  *Id.*  So, even though the Plaintiff himself represented that there is no need for discovery or witnesses in this case, he still filed a highly-inflammatory "affidavit," purportedly executed by the former sister-in-law of the prosecutor who indicted and prosecuted the Plaintiff for numerous felony offenses.  Given that he sees no need for actual discovery in this case, his motive for doing so is evident:  to harass those who contributed to him going to prison.

Plaintiff's recently-filed "Additional Documents in Support of Complaint" and attendant exhibits simply continue his established pattern of abusing court processes. As in his criminal case, the reason for these filings is clear: "These filings appear calculated to abuse the judicial process and to harass the prosecution." *Id*. There can be no other explanation for Plaintiff's filing of "Additional Documents in Support of Complaint," which includes, in a public filing, patently irrelevant, sexually explicit, and salacious statements in an unauthenticated affidavit. Because this filing is irrelevant, harassing, highly prejudicial, not supported by personal knowledge, and procedurally improper, Plaintiff's filing should be stricken from the record.

Finally, Plaintiff's most recent affidavit fits neatly into his pattern of baseless and abusive filings. His harassment will not stop absent court intervention. Thus, the Defendants request that the Plaintiff be prohibited from filing anything further in this case absent leave of this Court.

**II. This Court should strike Plaintiff's filing because it is "redundant, immaterial, impertinent, or scandalous matter" under Fed.R.Civ. P. 12(f).**

Plaintiff's misuse of the Court's process is consistent with his practice in other litigation before other chambers of this Court. As a result, Plaintiff's filing should be struck under Fed.R.Civ. P. 12(f) and not appended to his Complaint. Rule 12(f) of the Federal Rules of Civil Procedure allows a court, in its discretion, to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ. P. 12(f). Although "motions to strike are disfavored," allegations may be stricken that "are clearly immaterial to the controversy" or would result in prejudice to a party. *Frisby v. Keith D. Weiner & Assocs. Co., LPA*, 669 F. Supp.2d 863, 865 (N.D. Ohio 2009) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.1953)). Striking is appropriate in circumstances

when allegations are "clearly injurious to a party to the action because of the kind of language used or the allegations are unmistakably unrelated to the subject matter[.]" *Watkins & Son Pet Supplies v. Iams Co.*, 107 F. Supp.2d 883, 887 (S.D. Ohio 1999). Plaintiff's filing should be stricken under this standard.

As an initial matter, Plaintiff's filing does not support any legitimate claim before this Court. Plaintiff's Complaint against Ohio Attorney General Dave Yost, Assistant Attorneys General Heather Buchanan, Micah Ault, and Daniel Kasaris, and former Assistant Attorney General Tiffany Carwile (the "State Defendants"), sought a "declaratory judgment that each defendant must report misconduct detailed in this complaint." Complaint, Doc. 1, PageID #1. Each of the State Defendants, with the exception of Ohio Attorney General Dave Yost, either prosecuted Plaintiff's federal and/or state criminal cases or defended against civil proceedings that Plaintiff initiated. *See id.* at PageID #7. As explained in the State Defendants' Motion to Dismiss, Plaintiff's Complaint is a thinly-veiled attempt to undermine his criminal sentence and conviction. State Defendants' Motion to Dismiss, Doc. 10, PageID 16-31. Plaintiff's Complaint cannot overcome numerous jurisdictional and pleading deficiencies. *Id.*

Rather than attempt to cure these defects, any one of which is fatal to his Complaint, Plaintiff filed a pleading which relies on rumor and unauthenticated text messages to make salacious accusations against Defendant Ohio Attorney General Dan Kasaris. These accusations are wholly irrelevant to the purely legal issues before this Court. Federal Rule of Evidence 401 defines "relevant evidence" as evidence that "(a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed.R. Evid. 401. Plaintiff does not and cannot suggest that any part of the filing he submitted, inclusive of the document titled "Additional

Documents in Support of Complaint," (Doc. 12, PageID 41-43) and the exhibits appended to it, (Doc. 12-1, PageID 45-56), is relevant to any "fact that is of consequence." These documents amount to unfounded accusations of misconduct in Defendant Ohio Attorney General Kasaris's personal and familial life that have no connection to any claim before this Court.

These irrelevant allegations are also redundant of allegations that Plaintiff previously made in his Complaint. *See* Complaint, Doc. 1, PageID 4 (containing numerous references to an "inappropriate personal or romantic relationship.").

Moreover, Plaintiff's purported "affidavit" and exhibits are not properly authenticated and entirely baseless. Plaintiff's "Additional Documents in Support of Complaint" and the exhibits to it is rooted in unsubstantiated rumors and assumptions, does not constitute an affidavit, and is thus inadmissible. An affidavit "based solely upon information . . . received from elsewhere" does not demonstrate personal knowledge and is thus inadmissible hearsay which must be disregarded. *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007). Personal knowledge "must concern facts as opposed to conclusions, assumptions, or surmise." *Perez v. Volvo Car Corp.*, 247 F.3d 303, 316 (1st Cir. 2001) (quoting *Stagman v. Ryan*, 176 F.3d 986, 995 (7th Cir. 1999)). To be based on personal knowledge, the inferences and opinions in the affidavits must be "grounded in observation or other first-hand personal experience." *Visser v. Packer Eng'g Assoc.*, 924 F.2d 655, 659 (7th Cir. 1991) (quoting *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1572 (7th Cir. 1989)). They must "not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience." *Id*. The submitted "affidavit" is based on nothing more than pure speculation and a sole unsubstantiated claim of professional misconduct.

4

In short, Plaintiff's filings, the "Additional Documents in Support of Complaint," (Doc. 12, PageID 41-43) and the exhibits appended to it, (Doc. 12-1, PageID 45-56), serve no purpose other than to harass Defendant Ohio Assistant Attorney General Daniel Kasaris, and should therefore be stricken from the record.

### III. Moreover, Plaintiff's filing fails to comply with the requirements for filing a supplemental pleading under Fed.R.Civ.P 15(d).

To the extent that Plaintiff attempts to supplement his Complaint with additional documentation in Doc. 12 and 12-1, these documents should be stricken for the additional reason that they fail to comply with the requirements for supplementing a pleading. Fed.R.Civ. P 15(d) provides, in relevant part, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Plaintiff fails on this standard on multiple fronts: he has not sought leave by way of a motion to supplement his Complaint nor can he show that the information contained in these documents arose after the filing of his Complaint. Plaintiff's filings should be stricken.

### IV. The Plaintiff should not be permitted to file anything further in this case, absent leave of Court.

Absent court intervention, the Plaintiff is not likely to stop filing documents similar to the ones that he filed here. But, the parties should not have to be subjected to them and counsel should not be forced to file a motion to strike every time that he does. The Defendants respectfully request that Plaintiff Viola be prevented from making any further filings in this matter without leave of court.

**V.      Conclusion**

For these reasons, Plaintiff Anthony Viola's filing, titled "Additional Documents in Support of Complaint," (Doc. 12, PageID 41-43) and the exhibits appended to it, (Doc. 12-1, PageID 45-56), should be stricken from the record.

                                              Respectfully Submitted,

                                              DAVE YOST
                                              Ohio Attorney General

                                              */s/ Bridget C. Coontz*
                                              BRIDGET C. COONTZ (0072919)*
                                                *Lead and Trial Counsel*
                                              RENATA Y. STAFF (0086922)
                                              MICHAEL A. WALTON (0092201)
                                              Assistant Attorneys General
                                              Constitutional Offices Section
                                              30 East Broad Street, 16th Floor
                                              Columbus, Ohio 43215
                                              Tel: 614-466-2872 | Fax: 614-728-7592
                                              michael.walton@ohioattorneygeneral.gov
                                              renata.staff@ohioattorneygeneral.gov
                                              bridget.coontz@ohioattorneygeneral.gov

                                              *Counsel for Defendants Ohio Attorney General Dave Yost, Assistant Attorney General Heather Buchanan, Former Assistant Attorney General Tiffany Carwile, Assistant Attorney General Micah Ault, and Assistant Attorney General Daniel Kasaris*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2020, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A hard copy of this Notice was also sent to the Plaintiff on June 26, 2020 via regular U.S. Mail to:

> Anthony Viola
> 2820 Mayfield Road, #205
> Cleveland Heights, OH 44118
>
> *Plaintiff pro se*

> */s/ Bridget C. Coontz*
> BRIDGET C. COONTZ (0072919)
> Assistant Attorney General